Farren v Fuks (2023 NY Slip Op 04635)

Farren v Fuks

2023 NY Slip Op 04635

Decided on September 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 14, 2023

Before: Kern, J.P., Oing, Kennedy, Shulman, Higgitt, JJ. 

Index No. 651139/19 Appeal No. 143 Case No. 2022-02454 

[*1]Ellen K. Farren, Plaintiff-Appellant,
v
Mali Fuks, Defendant-Respondent.

Howard Benjamin, New York, for appellant.
Mali Fuks, respondent pro se.

Judgment, Supreme Court, New York County (Melissa Anne Crane, J.), entered December 9, 2021, following an inquest, awarded plaintiff $231,801 against defendant Mali Fuks, and bringing up for review an order, same court and Justice, entered November 22, 2021, which after inquest, deducted $107,800 from plaintiff's claim on one promissory note, deducted $2,900 from plaintiff's claim on the second promissory note, and awarded only post-maturity interest, unanimously modified, on the law, to award nine percent pre-maturity interest on amounts properly advanced and otherwise affirmed, without costs, and the matter remanded for recalculation of the judgment.
Plaintiff's husband represented defendant in complex litigation involving a real estate partnership. After withdrawing from representation, he arranged for loans to be made to defendant, through his wife and mother-in-law, to fund the litigation, and defendant signed two promissory notes. However, plaintiff's husband and his firm received payments out of some of the funds that he advanced.
As for the first note, the court properly reduced the principal amount of the note by deducting payments made to plaintiff's husband, who after withdrawing as counsel, acted as an "expert witness" in the underlying transaction, finding that the transaction involved improper self-dealing under the particular circumstances presented and in light of the court's obligation to scrutinize fee arrangements between attorneys and clients (see generally Shaw v Manufacturers Hanover Trust Co., 68 NY2d 172, 176 [1986]; Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.8 [a], [b]). An amount paid to plaintiff's husband or his firm for legal services was also properly disallowed. As for the second note, the court properly reduced the principal to the extent of payments made to plaintiff's husband, in his capacity as an attorney, for previous legal work. The court also properly found that the $5,000 charged to defendant as a "commitment fee" was improper as it served no function in the context of this loan between individuals in which funds were advanced shortly after the agreement was made.
As for pre-maturity interest, the court properly disallowed the amount of $45,000, described as a "reserve" for pre-maturity interest on the first note, because the note plainly provides for nine percent interest, not an arbitrary payment of $45,000 in interest, and the amount of the $5,000 commitment fee. However, under the plain terms of the notes the court should have awarded plaintiff nine percent simple interest from the date of each allowed advance on each note. Accordingly, pre-maturity interest should run on the principal amount of $100,000 from May 19, 2011, the principal amount of $50,000 from June 17, 2011, and the principal amount of $82,000 from December 15, 2011, less the above-noted $45,000 and $5,000, and any disbursements paid to Richard Farren and/or his law firm from said advances, to the respective dates of maturity on [*2]both notes.
The Decision and Order of this Court entered herein on May 2, 2023 is hereby recalled and vacated (see M-2023-2449 decided simultaneously herewith). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 14, 2023